### Joseph Stedman *versus* The Inhabitants of South-bridge.

*It seems*, that a *town way* may be proved by prescription or by the presumption arising from use and enjoyment.

In an action against a town to recover for an injury sustained in consequence of a defect in a way, a declaration averring that the way was " a *town way* or *road*, leading, &c., which road " it was the duty of the town to maintain, is supported by evidence, that it was an ancient road or way used by the public and the town, and kept in repair by the town.

THIS was an action on the case to recover damages for an injury sustained by a fall, in consequence of a defect in a road.

The first count in the declaration averred the existence of a certain town way within the town of Southbridge, leading, &c., which town road it was the duty of the town to repair. The second count sets forth, that " there was within the limits of the town of Southbridge a certain other town way or road, leading, &c., which road " it was the duty of the town to keep in repair, and that on said road, &c.

At the trial, before *Wilde* J., the plaintiff offered evidence to prove that the way in question was located by the selectmen of the town, as a town road, and accepted by the town, as such ; but the evidence was insufficient to prove such location and acceptance.

The plaintiff then offered evidence to prove that it was in fact an ancient road or way, used by the public and town, and kept in repair by the town. The defendants objected to the admission of this evidence, on the ground, that the declaration

averred the existence of a town road and not of any road of another description. But the objection was overruled, and the evidence was received.

Stedman<br>*v.*<br>Southbridge

The plaintiff proved, that the way in question extended several miles from the line of the town of Dudley, through the village of Southbridge, and thence to the town of Sturbridge.

The jury returned a verdict for the plaintiff.

If the evidence objected to, ought not to have been received, the verdict was to be set aside and a new trial granted.

*Merrick* and *Newton*, for the defendants.

*Oct. 3d.*

*Washburn* and *Child*, for the plaintiff.

SHAW C. J. delivered the opinion of the Court. This was an action of the case against the town, upon the statute, for not keeping a certain way in repair, in consequence of which the plaintiff fell and sustained damage. The plaintiff, having failed to prove the regular laying out of the way in question as a town way, in the manner provided by law, offered evidence to show, that it was in fact an ancient road or way, used by the public and town, and by the town kept in repair. This evidence, though objected to, was admitted, and the plaintiff had a verdict ; and the defendants now move for a new trial on that ground.

*Oct. 6th.*

It appears to me that the argument has deviated widely from the true question. It has been argued as if the question was, whether a town way, under any circumstances, can be proved by prescription, or by presumption arising from use and enjoyment.

It is perhaps too much to say, that such a way, or any other kind of easement, cannot be thus proved ; but it would be manifestly difficult, because, in general, the facts which would tend to prove the existence of such a way would prove the larger easement of a public highway. So where land is held by occupation only, the presumption is, that the holder has not a qualified estate, as for life or years, but an estate in fee. As a town way may have a lawful origin, it would be difficult to say that no possible combination of circumstances would raise a presumption of regular laying out. In the case of *Commonwealth* v. *Newbury*, 2 Pick. 51,

it was decided only, that, in general, from mere use and enjoy-ment a public highway and not a town way would be presum-ed ; and in that case, upon the effect of the evidence, the Court were not unanimous.  But for the reason already sug-gested, we think this question is not open upon this record. No such offer was made and no such question was put to the jury.  It was not left to them to decide from the evidence, whether it raised a presumption of the laying out of a town way ;  nor is the evidence reported, by which the Court can now say, whether it was sufficient to warrant the jury in mak ing such presumption or not.

But the specific exception was on the ground of variance, between the proof and the averments, and the defendants in-sisted, that as the plaintiff had averred the existence of a town way, he could not support it by proof of a highway, although it would equally well have supported the plaintiff's case, had he declared on it, as a highway, since it is admitted on all hands, and the express provisions of the statute show, that the town is fully as responsible for neglect in not repairing the one, as the other.   The question then depends upon compar-ing the *allegata* with the *probata*.

The first count avers the existence of a certain town way within the town of Southbridge, leading, &c., which road the said town was obliged to repair.

The second count alleges, that there was within the limits of said town a certain other town way or road, leading, &c., which, with all the bridges, &c., it was the duty of the said town to keep in repair, and that on said road, &c.

Now we think this latter clause describes it with sufficient certainty in the alternative, as a town way, or highway.   The term *road* or *common road*, not only in common parlance, but in many of the early statutes, is used synonymously with high-way.   In the Provincial statute, 5 *Wm. & Mary*, Anc. Char-ters, 267, the purpose declared is, the amending the high-ways and common roads.   The second section directs what shall be done when a new highway, or common road from town to town, is wanting.   And the third section contains a penalty against those who shall erect any obstruction upon any highway or common road

In Prov. Stat. 7 *Geo.* 2, Anc. Chart. 494, it is used without the word "*common.*" The object of the statute is to prevent incumbrances, upon any of the roads, highways, private ways, streets, lanes or alleys. The term is used in the same sense in various other instances in Anc. Charters, 308, 506, 612. In the statute on which this action is brought, *St.* 1786, *c.* 81, § 5, is a provision for removing bars, &c. upon any highway or county road. And one of the latest statutes on the general subject, *St.* 1820, *c.* 65, is one to establish the law of the road, in which all highways and public ways are included under the enumeration, " bridge, turnpike or other road." If the term " road " is used in this sense in this declaration, the evidence was precisely applicable to it. If it be said that this sentence in the declaration should be read " town way " or " town road," carrying the word " town " forward by implication to qualify the word " road," the answer is, that this is not the necessary, nor the most obvious and natural construction. It is quite as natural and obvious to read it as if written, " a certain town way, or a certain road, leading," &c., which the said town were bound to repair. Nor is it to be presumed, that the pleader used it in the sense contended for, because, whether a town way or public road, it would equally answer to the other part of the description, as one that the town was bound to repair, and either would support the plaintiff's case. And in general, when more than one word is used in a description, it is not to be presumed that it was intended to use them as precisely synonymous, but by an additional word to add something to the meaning ; and the natural order is from specific to generic, from the more limited to the more comprehensive. The word " road," as already shown, is generic, and embraces every species of pub lic way, and such may properly be considered its import in th's declaration.

*Exceptions overruled and judgment on the verdict.*